IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ODELIA ANDERSON, Supervised Administrator of the Estate of MELISSA WEAKLEY, deceased,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No. 12 C 5824 |

## MEMORANDUM OPINION AND ORDER

More than seven months ago (on June 26, 2013) the yeoman efforts of Magistrate Judge Arlander Keys in this Federal Tort Claims Act ("FTCA") case, following an extensive settlement conference, resulted in an agreement on the terms of a settlement and its monetary amount -- some $6 million. Because of the work involved in completing the necessary documents, which contemplated a structured settlement for the benefit of the minor children of decedent Melissa Weakley, it took another two months for the parties' joint presentment to this Court of a proposed Order Approving Settlement and Order Approving Wrongful Death Distribution. Those orders were signed by this Court on August 23, and the matter was immediately presented to the Department of Justice with a recommendation for approval of the settlement.

After that the case appeared to have disappeared into the administrative equivalent of an astronomical black hole, for a frustrating succession of unexplained delays on the part of the government took over -- with no disclosure being made to this Court as to the identity of the ultimate decisionmaker in Washington, D.C., so that this Court could not get any answers as to

just what was going on.[1] Then to the dismay of everyone involved (save of course the undisclosed decisionmaker), the information has just come down that the settlement has been disapproved -- with no reason being given for the disapproval.

Meanwhile the United States' filing of a Second Amended Answer that would inject the Illinois statute of repose into the litigation, a motion that the parties had briefed extensively in May and early June of 2013, had been put aside while the parties entered into the settlement discussions that had -- as everyone then thought -- produced an agreed-upon settlement. That motion, which raised an issue that had divided the courts around the country, has now been revisited by this Court in consequence of the blowup of the settlement. And this Court has learned that in the interim our Court of Appeals has issued its opinion in Augutis v. United States, 732 F. 3d 749 (7th Cir. 2013), which decided that Illinois' four-year statute of repose in medical malpractice actions (735 ILCS 5/13-212(a)) sets a substantive limit on liability that is not preempted by the FTCA.

This action has previously been set for a February 13 status hearing, during which it had been anticipated that the action would be put back on a discovery track. Under the circumstances recounted here, however, the subject matter dealt with in this opinion should be the first order of business discussed during that status hearing.

                                              _____
                                              Milton I. Shadur
Date: February 6, 2014                    Senior United States District Judge

---

[1] This should not be misunderstood as in any way critical of Chicago-based Assistant United States Attorney Craig Oswald, who was (as always) very helpful in trying to get the information whose absence frustrated everyone involved (including attorney Oswald).